UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANET WHITE,

                     Plaintiff,

-against-

BEST CHEESE CORPORATION, COACH
FARM ENTERPRISES, INC., BEST CHEESE
TRADING CORP., UNIEKAAS U.S.A., INC.,
UNIEKAAS INTERNATIONAL BV, WILLEM
JAN ROTE, individually and STEVEN
MILLARD, individually,

                     Defendants.

No. 17 Civ. 4487 (NSR) (LMS)

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

### 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential,

proprietary, or private information for which special protection from public disclosure and from

use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the

parties hereby stipulate to and petition the Court to enter the herein stipulated protective order

("Protective Order"). The parties acknowledge that this Protective Order does not confer

blanket protections on all disclosures or responses to discovery and that the protection it affords

from public disclosure and use extends only to the limited information or items that are entitled

to confidential treatment under the applicable legal principles.

Pursuant to this Protective Order, any person (including non-parties) producing

information in connection with disclosures or discovery in this matter may designate such

information as "CONFIDENTIAL" to the extent he or it has a good faith belief that it meets the

standards of § 2.1 below.   This Protective Order governs, among other things, the designation, protection, and disclosure of such information.

## 2.   DEFINITIONS

**2.1**   Confidential Material:  As used herein, the term "Confidential Material" shall mean material produced designated as "CONFIDENTIAL" pursuant to Section 4 below that constitutes or contains:

(a) trade secrets;

(b) financial information previously nondisclosed to the public;

(c) material previously nondisclosed to the public relating to ownership or control of any non-public company;

(d) business plans, product development information, or marketing plans previously nondisclosed to the public;

(e) any information of an intimate nature regarding any individual (including, without limitation, health records or personal tax information);

(f) information which the producing party otherwise believes in good faith to be entitled to confidential treatment pursuant to the terms of this Protective Order; or

(f) any other category of information hereinafter given confidential status by the Court.

Confidential Material does not include (a) any information that is available to the public at large at the time of disclosure to a Receiving Party or becomes available to the public at large after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information obtained by the Receiving Party from a Non-Party source after commencement of

2

the litigation who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**2.2**      Counsel (without qualifier):  Legal counsel (as well as their support staff and employees).

**2.3**      Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.4**      Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.5**      Expert:  a person not otherwise employed by a party who has been retained by a Party or a Party's Counsel to serve as a testifying or non-testifying expert or consultant in this litigation.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.6**      Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action, and who is required to produce documents or information in discovery in this matter.

**2.7**      Counsel:  attorneys (as well as their support staff and employees) who are not employees of a party to this action, but are retained to represent or advise a party to this action.

**2.8**      Party:  any party to this action, including all of its officers, directors, and employees.

**2.9** <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action, including all of its officers, directors, employees, consultants, retained experts, discovery vendors, and Counsel.

**2.10** <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.11** <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.** **DURATION**

All provisions of this Protective Order shall continue to be binding through the start of jury selection in this matter. Thereafter, during the public trial hereof, confidentiality shall be governed by such Orders the Court enters upon application of the parties.   Within sixty days after the entry of an unappealable final ruling, order, judgment or settlement of all claims and counterclaims in this action, all Confidential Material shall be destroyed or returned to the Designating Party.  Upon request by the Designating Party, a Receiving Party or its counsel shall certify compliance with this provision in writing to counsel for the Designating Party. Notwithstanding the foregoing, the Parties and their counsel may maintain in their files copies or originals of any pleadings, briefs or affidavits filed with the court, any written discovery requests or responses and any correspondence, memoranda or notes and any drafts thereof, notwithstanding that such materials contain, refer to, attach, enclose or otherwise concern documents or information that was designated as Confidential Material, but such an exception

will not permit an attorney to maintain the Confidential Material itself unless it was filed with the Court.

4.      **DESIGNATING PROTECTED MATERIAL**

4.1      **Manner and Timing of Designations**.  The Designating Party, to the greatest extent possible, shall designate material as "CONFIDENTIAL" at the time of its production or disclosure.  Discovery Material may be designated as "CONFIDENTIAL" by any of the following means:

(a)      Paper or electronic documents may be designated by stamping them on each page with the legend "CONFIDENTIAL."  To the extent, such stamping is not reasonably possibly due to the form of the information, the designating party shall set forth all designations in writing and, where possible, on the container of the media holding the information.

(b)      Deposition testimony may be designated Confidential either (i) at the deposition, by making a statement on the record for the inclusion in the deposition transcript, or (ii) by informing all counsel of record in writing within  fourteen days after delivery of the deposition transcript of such designation by specifying specific pages and lines.  As such, for fourteen days after the delivery of the deposition transcript, the entire deposition transcript and any videotape or other recording thereof shall be treated as Confidential.  Thereafter, if no party designates testimony as Confidential Material, none of the transcript or any videotape or other recording thereof shall be treated as Confidential Material.  If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the Reporter.

(c)      Written discovery responses may be designated by indicating the designation in the responses.

3061474.1

(d)     The foregoing is without prejudice to Designating Party's rights herein to subsequently designate Confidential Material that was not initially designated as such.  In the event that Designating Party produces two or more identical or substantially identical copies of a document, and any copy is designated as Confidential Material while other copies are not so designated, all such identical or substantially identical documents shall be treated as "CONFIDENTIAL" once the Designating Party has given notice of the "CONFIDENTIAL" designation and reproduced the material as so designated.  The Designating Party may give notice at any time to any other Party that it is eliminating its previous designation of Discovery Material as Confidential Material.

**4.3     Inadvertent Failures to Designate**.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.  Any such inadvertently or unintentionally disclosed qualified information or items shall be so designated by giving written notice to all Parties and by reproducing the material with the desired Confidential designation as soon as reasonably possible after the Designating Party becomes aware of the inadvertent or unintentional disclosures.  Upon such notice, the Receiving Party shall exercise reasonable efforts to treat information contained in said documents and any summaries and notes thereof in accordance with the provisions of this Protective Order, and upon receipt of substitute copies bearing the appropriate confidentiality legend, the Receiving Party shall thereafter destroy or return all copies which do not bear the confidentiality legend.

6

5.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

       5.1      **Timing of Challenges**.  Any Receiving Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

       5.2      **Meet and Confer and, if Necessary, Judicial Intervention**.  If a party seeks to challenge a designation of confidentiality, it shall first confer in good faith with the Designating Party and, if this meet-and-confer process does not resolve the dispute, submit a letter to the Court, no longer than two pages, explaining the nature of the challenge to the designation and requesting a conference.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

6.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

       6.1      **Basic Principles**. A Receiving Party may only use Confidential Material for the purpose of prosecuting, defending, or attempting to settle this action. Such Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

       6.2      **Disclosure of "CONFIDENTIAL" Information or Items**.  No person subject to this Protective Order shall disclose any information or item designated as

7

"CONFIDENTIAL" to any other person whomsoever, except to the following when, in the good faith judgment of the Receiving Party, such person is a person to whom it is reasonably necessary to disclose the information for this action and only for purposes related directly to the litigation:

(a) A Party to this litigation;

(b) A Party's Counsel in this action, as well as employees and contractors of said Counsel, and a Party's in-house Counsel who are assisting Counsel in this action;

(c) Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author of the document;

(i) any person otherwise ordered by the Court or permitted in writing by the Designating Party and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

Prior to any disclosure of any Confidential Material to any person referred to in subparagraphs 6.2(c), 6.2(f), 6.2(g), or 6.2(i) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form

8

annexed as an Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

  **6.3. Disclosure of "ATTORNEYS' AND EXPERTS' EYES ONLY" Materials.**

   Notwithstanding any other provision of this Protective Order, any Party may designate any documents or information produced bv any Party or Non-Party as "Attorneys' and Experts' Eyes Only".  Any documents or information so designated shall not be disclosed by the Receiving Party to any persons other than Experts and Counsel, unless and to the extent agreed to in writing by the Designating Party or otherwise ordered by the Court.  Except as provided in this paragraph 6.3, material designated as "Attorneys' and Experts' Eyes Only" shall be treated as "Confidential" for all other purposes.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

   If a Receiving Party is served with a subpoena, court order, or other legal process compelling the disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

   (a) promptly notify in writing the Designating Party to the extent permitted by applicable law. Such notification shall include a copy of the subpoena or court order;

   (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

   (c) unless required to do so by applicable law, if the Designating Party timely seeks a protective order, the party served with the subpoena, court order, or legal process shall not

9

produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Material. Nothing herein should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

      If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may present the information to the Court under seal for a determination of the claim of privilege.  The producing party must preserve the information until the claim is resolved.

10.    **MISCELLANEOUS**

10.1    **Right to Further Relief**. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

10.2    **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party or Non-Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this stipulated protective order. Similarly, no Party or Non-Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3    **Filing Protected Material**. In the event that counsel for any Party or Non-Party determines in its sole discretion that it is necessary to file with the Court any document or other material that contains, refers to, attaches or encloses Confidential Material, the following procedures shall be used:

(a)    The filing party agrees to refrain, to the greatest extent possible, from including Confidential Material in the titles of documents filed with the Court so that, in all instances, the titles of such filed documents – and the relevant court's docket reflecting those titles – may remain public.

(b)    Unless the Designating Party gives written consent to the public filing of Confidential Material with the Court, a Receiving Party that intends to make a court filing that contains, refers to, attaches, or encloses another party's or non-party's Confidential Material shall make an application to file the Confidential Material under seal.  To the extent a Designating Party is a Non-Party, the filing party shall provide the Designating Party with notice of its application to file the Confidential Material under seal.

11

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANKS]

Dated: August __, 2018

STIPULATED AND AGREED:

For Plaintiff:

ALLEGAERT BERGER & VOGEL LLP

By: _____                    Dated:  August 8, 2018
       Louis A. Craco, Jr.

For Best Cheese Corporation, Coach Farm Enterprises, Inc.,
Best Cheese Trading Corp., Willem Jan Rote
and Steven Millard:

GORDON & REES SCULLY MANSUHANI

By: _____                    Dated:  August 8, 2018
       Kuuku Minnah-Donkoh

For Uniekaas International BV and Uniekaas U.S.A., Inc.:

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

By: _____                    Dated:  August 8, 2018

12

3061474 1

Matthew C. Daly

SO ORDERED

_____

Hon. Lisa Margaret Smith
United States Magistrate Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANET WHITE,

                              Plaintiff,

          -against-

BEST CHEESE CORPORATION, COACH
FARM ENTERPRISES, INC., BEST CHEESE
TRADING CORP., UNIEKAAS U.S.A., INC.,
UNIEKAAS INTERNATIONAL BV, WILLEM
JAN ROTE, individually and STEVEN
MILLARD, individually,

                              Defendants.

No. 17 Civ. 4487 (NSR)

## NON-DISCLOSURE AGREEMENT

I, _____ [print or type full name], of

_____ [print or type full address],

acknowledge that I have read and understand the Protective Order in this action governing the

non-disclosure of Confidential Material.  I agree that I will not use or disclose in any manner

any information or item that is subject to the Protective Order to any person or entity except in

strict compliance with the provisions of the Protective Order.  I further agree that at the

conclusion of the action I will return all Confidential Material to the party or attorney from

whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am

submitting myself to the jurisdiction of the United States District Court for the Southern District

of New York for the purpose of any issue or dispute arising hereunder and that my willful

14

3061474.1

violation of any term of the Protective Order could subject me to punishment for contempt of

Court and other legal remedies and sanctions.

Date: _____

Signature: _____